IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROFESSIONAL MERCHANT ADVANCE CAPITAL, LLC aka PROMAC FINANCING, a New York limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>FUSELIER AND COMPANY, a New Jersey Corporation, DAVID FUSELIER, an individual, FUSELIER BRIDGE CAPITAL, LLC, a Louisiana limited liability company, DOTOLO RESEARCH CORP aka ADAGIO MANUFACTURING (ACH), a Florida corporation, ROY WAYNE ERWIN, an individual, NEW LEAF BRANDS, INC., a New Jersey corporation, CCS HEALTH CARE LLC, an Alaska limited liability company, INTEGRATED FREIGHT CORPORATION, a Florida Corporation *by merger with* PLANGRAPHICS, INC., a Colorado Corporation,<br><br>      Defendants. | No. 1:13-CV-07135-ER |

<u>PLAINTIFF PROFESSIONAL MERCHANT ADVANCED CAPITAL, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT
AGREEMENT AND REQUEST FOR AN ENTRY OF JUDGMENT</u>

Dated: June 16, 2015                          ALAN L. FRANK LAW ASSOCIATES, P.C.
                                                            135 Old York Road
                                                            Jenkintown, PA 19046
                                                            Phone: 215-9325-1000
                                                            Fax:    215-935-1110
                                                            Attorneys for Plaintiff, Promac

# Table of Contents

TABLE OF CONTENTS……………………………………………………………………1

TABLE OF AUTHORITIES………………………………………………………………..2

PRELIMINARY STATEMENT …………………………………………………………….3

FACTUAL AND PROCEDURAL BACKGROUND……………………………………….3,4

LEGAL ARGUMENT………………………………………………………………………4,5

    A. This Court has Jurisdiction to Enforce the Settlement Agreement…………………4,5,6

    B. This Court has the Authority to Enter Judgment Against Defendants for the Settlement Amount……………………………………………………………………6,7

    C. Pursuant to the Explicit Terms of Settlement Agreement, Judgment Should be Entered Against the Defendants in the Amount of $582,629.00……………………………….7

CONCLUSION………………………………………………………………………………7

Exhibit A: Notice of Default

# Table of Authorities

**Cases**

*Bander a v. City of Quincy*,
    344 F.3d 47, 51 (1st Cir. 2003)..................................................................5

*Brandner Corp. v. V-Formation, Inc.*,
    98 F. App'x 35, 37 (2d Cir. 2004)..............................................................6

*Edison Co. of N.Y. v. Fyn Paint & Lacquer Co.*,
    2008 U.S. Dist. LEXIS 25097, 2008 WL 852067, at *6 (E.D.N.Y. Mar. 28, 2008).......5

*Garibaldi v. Anixter, Inc.*,
    533 F. Supp. 2d 308, 310 (W.D.N.Y. 2008).................................................5

*Janus Films, Inc. v. Miller*,
    801 F.2d 578, 582, 583 (2d Cir. 1986)......................................................5,6

*Kasperek v. City Wire Works, Inc.*,
    2009 WL 691945 at *1-2 (E.D.N.Y. March 12, 2009)........................................6

*Meetings & Expositions, Inc. v. Tandy Corp.*,
    490 F.2d 714, 717 (2d Cir. 1974)............................................................5

*Milner v. City of New York*,
    2012 U.S. Dist. LEXIS 108317..................................................................7

*Omega Eng'g, Inc. v. Omega, S.A.*,
    432 F.3d 437, 443, 448 (2d Cir. 2005).......................................................6

*Page v. Musician's Friend, Inc.*,
    2009 U.S. Dist. LEXIS 12832 (D. Maine 2009)..............................................5

*Powell v. Omnicom*,
    497 F.3d 124, 128 (2d Cir. 2007)............................................................5

*Quint v. A.E. Staley Mfg. Co.*,
    246 F.3d 11, 14 (1st Cir. 2001), cert. denied, 535 U.S. 1023, 122 S. Ct. 1618, 152 L. Ed. 2d 631 (2002)..................................................................................5

*Quinones v. Police Dep't of N.Y.*,
    10 Civ. 6195 (JGK)(JLC), 2012 U.S. Dist. LEXIS 51697
    at *11 (S.D.N.Y. Apr. 12, 2012)................................................................5

## Preliminary Statement

This case for unpaid amounts due and owing under a Future Receivables Purchase Agreement was settled between the parties, with this Court retaining jurisdiction to enforce the settlement. *See*, Settlement Agreement which was filed with the Court under seal on January 23, 2015 at Docket No. 34. Plaintiff now respectfully requests that the Court enforce the settlement agreement.

The parties in this action entered into a Settlement Agreement which called for Fuselier and Company, David Fuselier, Fuselier Bridge Capital, LLC, New Leaf Brands, and Integrated Freight Corporation (the "Settling Defendants") to pay a compromised settlement amount to the Plaintiff over a fourteen month period. The Settlement Agreement terms indicated that if the Defendants failed to make any of the above reference payments that the entire amount owed Plaintiff, Five Hundred Eighty Two Thousand Six Hundred and Twenty Nine Dollars ($582,629.00) would be due and owing. As indicated in the agreement, Defendant David Fuselier signed the Settlement Agreement on behalf of himself and on behalf of the remaining settling defendants.

The Settling Defendants failed to tender any payments to the Plaintiff as required by the agreement. The Settling Defendants are thus in breach of the Settlement Agreement. The Plaintiff is requesting that a judgment be entered against the Settling Defendants for the deficient amount, Five Hundred Eighty Two Thousand Six Hundred and Twenty Nine Dollars ($582,629.00).

## Factual and Procedural Background

Plaintiff commenced an action against the Defendants on October 8, 2013, in which it sought to recover monetary damages for unpaid amounts due under a future receivables purchase

agreement, plus costs and reasonable attorney's fees. Plaintiff purchased the Defendants' future accounts receivables for an agreed upon amount. However, the Defendants failed to make the required payments under the agreement and this litigation was the result. After lengthy discussions, the parties agreed to settle this matter and a settlement agreement was drafted. The Settling Defendants heavily negotiated both the total amount of the settlement, the payment schedule, and significant discounts for early payment of the total amount. Both parties then signed the Settlement Agreement.

Paragraph Two of the Settlement Agreement (a-i) set forth the payment terms of the agreement. Despite Settling Defendants' active role in the drafting of this agreement and their execution thereof, the Defendants failed to make any of the required payments. Instead the Settling Defendants repeatedly insisted that the outstanding payments were forthcoming, but these representations proved to be false. After multiple attempts to resolve these issues with the Settling Defendants, Plaintiff forwarded a notice of default. *See* March 10, 2015 Notice of Default attached hereto as Exhibit A. Despite receiving the notice of default, the Defendants failed to cure their breach in the time permitted under the Settlement Agreement.

As a result of Settling Defendants' breach the Settlement Agreement should be enforced and judgment should be entered against them in the amount of Five Hundred Eighty Two Thousand Six Hundred and Twenty Nine Dollars ($582,629.00)

## Legal Argument

a. **THIS COURT HAS JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT**

District Courts have the power and responsibility to enforce settlement agreements in cases that are pending before theme to allow the wronged party to proceed with the litigation.

*Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) ("A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."); accord *Garibaldi v. Anixter, Inc.*, 533 F. Supp. 2d 308, 310 (W.D.N.Y. 2008). Furthermore, "[i]t is well-settled that a settlement agreement is presumptively binding and conclusive" and, as settlement agreements "are strongly favored by New York courts" they "may not be lightly cast aside." *Quinones v. Police Dep't of N.Y.*, 10 Civ. 6195 (JGK)(JLC), 2012 U.S. Dist. LEXIS 51697 at *11 (S.D.N.Y. Apr. 12, 2012) citing *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007).

In *Janus Films, Inc. v. Miller*, 801 F.2d 578 (2d Cir. 1986), the Second Circuit held that a court has clear authority to enter a "settlement judgment" where a settlement is reported to the court "during the course of a trial or other significant courtroom proceedings." *Id.* at 583. In entering such a judgment, "the judge is obliged to determine the detailed terms of the relief and the wording of the judgment." *Id.* at 582; accord *Consol. Edison Co. of N.Y. v. Fyn Paint & Lacquer Co.*, 2008 U.S. Dist. LEXIS 25097, 2008 WL 852067, at *6 (E.D.N.Y. Mar. 28, 2008).

It is conventional for the court to enforce a settlement agreement, assuming it is valid, *Quint v. A.E. Staley Mfg. Co.*, 246 F.3d 11, 14 (1st Cir. 2001), cert. denied, 535 U.S. 1023, 122 S. Ct. 1618, 152 L. Ed. 2d 631 (2002). It would generally a waste of judicial resources to re-open litigation in the teeth of a valid settlement agreement. *Page v. Musician's Friend, Inc.*, 2009 U.S. Dist. LEXIS 12832(D. Maine 2009)(citing *Bander a v. City of Quincy*, 344 F.3d 47, 51 (1st Cir. 2003).

In the present case, this Court has jurisdiction to decide this motion since the parties submitted the settlement agreement to the Court for the purposes of enforcing the settlement

5

agreement pursuant to the Court's Order. Docket No.31; Docket No. 34. It is well-established that a district court retains jurisdiction over the enforcement of a settlement agreement when an order expressly so provides. *Brandner Corp. v. V-Formation, Inc.*, 98 F. App'x 35, 37 (2d Cir. 2004)(finding that a court retains jurisdiction over the enforcement of a settlement agreement when it "incorporates into one of its orders... explicitly retaining jurisdiction."); *Kasperek v. City Wire Works, Inc.*, 2009 WL 691945 at *1-2 (E.D.N.Y. March 12, 2009); *Janus Films, Inc., v. Miller*, 801 F.2d 578, 583 (2d Cir.1986) (Finding that "[a]greements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit." ). As such, this Court has the jurisdiction to enforce the settlement agreement.

b.  **THIS COURT HAS THE AUTHORITY TO ENTER JUDGMENT AGAINST SETTLING DEFENDANTS FOR THE SETTLEMENT AMOUNT**

Pursuant to the terms and spirit of the settlement agreement, this Court should enter a settlement judgment against the Settling Defendants for the full amount owed to the Plaintiff, Five Hundred Eighty Two Thousand Six Hundred and Twenty Nine Dollars ($582,629.00). The Second Circuit held that a court has clear authority to enter a "settlement judgment" where a settlement is reported to the court "during the course of a trial or other significant courtroom proceedings." *Janus Films, Inc. v. Miller*, 801 F.2d 578 (2d Cir. 1986). Courts have the power to enter a judgment consistent with the terms of the settlement agreement. *Id.* at 578; *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443, 448 (2d Cir. 2005) (affirming decision of district court to "enter judgment in accordance with the terms of [a] Settlement Agreement").[1]

---

[1] "... The parties are advised that if they wish the Court to retain jurisdiction in this matter for purposes of enforcing any settlement agreement, they shall submit the settlement agreement to the Court within the next 30 days with a request that the agreement be "so ordered" by the Court. SO ORDERED." Docket No. 31.

Here, the parties have submitted the settlement agreement to the Court for during the course of the proceedings.[2] Therefore, this Court has the authority to enter a "settlement judgment" consistent with the terms of the settlement agreement.

c. **PURSUANT TO THE EXPLICIT TERMS OF SETTLEMENT AGREEMENT, JUDGMENT SHOULD BE ENTERED AGAINST THE DEFENDANTS IN THE AMOUNT OF $582,629.00**

Having made no payments to Plaintiff under the settlement agreement, Settling Defendants are in breach of the settlement agreement and still owe Plaintiff the full settlement amount. A judgment should enter against all Settling Defendants who were signatories to the agreement for the deficient amount and the judgment must be public, so the settlement document should be unsealed.

In *Milner v. City of New York*, 2012 U.S. Dist. LEXIS 108317, the Court held that the settlement agreement, as stated on the record in court, should be enforced through the entry of a settlement judgment. Plaintiff now respectfully requests that the Court here enforce the Settlement Agreement and enter a settlement judgment for the full uncompromised settlement amount of Five Hundred Eighty Two Thousand Six Hundred and Twenty Nine Dollars ($582,629.00).

### Conclusion

The Settling Defendants are in clear breach of the terms of the settlement agreement. The Court has authority to enforce the Agreement and enter judgment against defendants for the deficient amount. That is the just result in the instant case as the Settling Defendants have breached the agreement and refuse to pay.

---

[2] The settlement agreement was submitted to the court under seal. Docket No.34.

Respectfully submitted,

Dated: Jenkintown, PA
June 16, 2015

ALAN L. FRANK LAW ASSOCIATES, P.C.

_____
Alan L. Frank
135 Old York Road
Jenkintown, PA 19046
(t) 215-935-1000
(f) 215-935-1110