UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROFESSIONAL MERCHANT ADVANCE
CAPITAL, LLC,

        Plaintiff,

 – against –

FUSELIER & CO., et al.,

        Defendants.

**OPINION AND ORDER**

13 Civ. 7135 (ER)

Ramos, D.J.:

  Professional Merchant Advance Capital, LLC ("Plaintiff") filed the instant motion against Fuselier & Co. and four other affiliated defendants (the "Defendants") to enforce a settlement agreement (the "Agreement") among the parties. Plaintiff alleges that the Defendants have failed to make payments pursuant to the Agreement. For the reasons set forth below, Plaintiff's motion is GRANTED.

**I. Factual Background**

  Plaintiff filed suit on October 8, 2013, (Doc. 1), alleging that the Defendants failed to make payments on a futures receivable agreement. Plaintiff's Memorandum of Law ("Pl. Mem.") (Doc. 38) at 3–4. The parties entered into and signed the Agreement on January 2, 2015, which this Court "so ordered" on January 5, 2015. (Doc. 34).

  The Agreement requires Defendants to pay Plaintiffs a negotiated settlement amount pursuant to a payment schedule. Agreement ¶ 2(a)–(i). The Agreement also has a default provision that accelerates the total amount due of $582,629.00 in the event of default. *Id.* at ¶ 4.

  Plaintiffs allege that they have received no payments under the Agreement and, on June 17, 2015 filed the instant motion, pursuant to the default provision. (Doc. 37). On June 24,

2015, this Court directed the Defendants to respond to Plaintiff's motion by July 1, 2015, but no reply was ever submitted. (Doc. 40). On February 2, 2016, Plaintiff submitted a request that the Court decide the motion on papers already submitted, and on February 4, 2016, the Court ordered the Defendants to reply to Plaintiff's request by February 5, 2016. (Docs. 41, 42). On February 5, 2015, the Defendants submitted a letter to the Court in which they did not disclaim their obligation, but rather stated that they were "under severe financial stress and unable to make the payments called for in the Settlement Agreement," and requested "a continuance of thirty days to renegotiate the payment terms." (Doc. 43). On February 10, 2016, the Court denied this request and stated its intent to decide the motion on the basis of the papers already submitted. (Doc. 45).

## II.   Discussion

A district court retains jurisdiction to enforce a settlement agreement that is "so ordered" by the court. *See Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F. 2d 714, 717 (2d Cir. 1974); *see also Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC.*, 152 F.R.D. 18, 23–24 (S.D.N.Y. 1993) (stating that in *Meetings & Expositions*, "the 'So Ordered' contract established consent to the court's power over the parties…" and therefore held that the District Court retained jurisdiction to "enforce and consider challenges to the 1966 Settlement Agreement that was entered in to in this district"). Here, the Court "so ordered" the Agreement on January 5, 2015, and the Agreement stipulated that the "Court shall reserve and retain jurisdiction over the matter in the event of any dispute of the terms…or for the purpose of entering Judgement against Defendants in the event of a default under the terms of the So Ordered Confidential Stipulation of Settlement." Agreement ¶ 6; *id.* at 8.

"Under New York law, a settlement agreement is interpreted according to general principles of contract law," and "presumptively binding and conclusive." *Quinones v. Police Department of N.Y.*, No. 10 Civ. 6195 (JGK), 2012 U.S. Dist. LEXIS 51697, at *11 (S.D.N.Y. Apr. 12, 2012) (citing *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007)). The Agreement stipulates in the default provision that "[i]n the event of such default hereunder, the Settling Defendants agree to stipulate judgement in favor of the Plaintiff, in a court of competent jurisdiction, for all sums then due and owing." Agreement ¶ 4. Defendants do not dispute that they are in default of the Agreement. (Doc. 43). The Court will thus hold the Defendants to their obligations under the Agreement, which pursuant to the default provision accelerates payment of the entire settlement sum of $582,629.00. Agreement ¶ 4.

**Conclusion**

For the reasons set forth above, Plaintiff's motion to enforce the Agreement is GRANTED. The Court hereby enters judgment in favor of Plaintiff in the amount of $582,629.00. The Clerk of the Court is respectfully directed to terminate the motion. (Doc. 37).

It is SO ORDERED.

Dated:   March 28, 2016
         New York, New York

                                                     _____
                                                     Edgardo Ramos, U.S.D.J.